JAMES HARRINGTON V. GALVESTON COUNTY.

(No. 268, Op. Book No. 2, p. 448.)

ERROR from Galveston County. Opinion by WINKLER, J.

§ 792. *General demurrer; special exception; office of.* It is the office of a general demurrer to test the legal sufficiency of the cause of action, or of the defense interposed, and not the form of the pleading. It is the office of a special demurrer, or, more correctly denominated, a special exception, to point out some special ground of objection to the manner of pleading the cause of action or matter of defense.

§ 793. *Statutes; rules of construction of.* The following are well settled general rules for the construction of a public statute: 1. That repeals by implication are not favored. 2. That legislative enactments are, in the absence of a clear expression to the contrary, deemed to relate to the present and the future, and are generally to operate *in futuro.* 3. That the intention of the legislature is to prevail. As has been said, "such a construction ought to be put upon a statute as may best answer the intention which the makers had in view; and that is sometimes to be collected from the cause or necessity for making it, at other times from other circumstances. Whenever the intention can be discovered, it ought to be followed with reason and discretion in its construction, although such construction may seem contrary to its

letter." This rule would only apply where there is obscurity in the language employed by the legislature. The general rule, which is said to be cardinal and universal, is that, if the statute is plain and unambiguous, there is no room for construction or interpretation. The legislature having spoken, if their intention is free from doubt, their will must be obeyed. So, when the law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they had plainly expressed, and, consequently, no room is left for construction. [2 Cranch, 358–391; Sedgwick on Stat. & Const. Law, 229 et seq.]

§ 794. *Tax law of 1871 was not repealed by that of 1876 as to the collection of taxes.* The act of April 22, 1871 [Pas. Dig. 7654 et seq.], was not repealed by the act of November 21, 1876 [Gen. Laws 1876, p. 242], in so far as remedies for the collection of taxes imposed under the act of 1871 were provided for, but taxes levied under that act could still be collected in the absence of any express provision to the contrary. The act of 1876 only repealed former tax laws in so far as those laws were in conflict with the provisions of that act, and it was not in conflict with any of the provisions of that act to enforce the collection of taxes assessed under former statutes. [Clegg v. The State, 42 Tex. 605.] This was a suit by appellee to recover from appellant money due by him for occupation taxes assessed against him as a liquor dealer under the tax law of 1871. Appellant's defense was that the act of 1871 had been repealed by subsequent legislation, and that the taxes could not be legally collected. The judgment of the court below was against the appellant for the amount of the taxes claimed.

March 23, 1881. Affirmed.